MELANIE A. HILL (Nevada Bar No. 8796)
**MELANIE HILL LAW PLLC**
1925 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Tel: (702) 362-8500
Fax: (702) 362-8505
Email: Melanie@MelanieHillLaw.com
*Attorneys for Plaintiff Frazier S. Speaks, Jr.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FRAZIER S. SPEAKS, JR.,<br><br>                     Plaintiff,<br><br>vs.<br><br>CITY OF NORTH LAS VEGAS, a municipal corporation,<br><br>                     Defendant. | CASE NO.: 2:23-cv-00887-APG-MDC<br><br>**STIPULATION TO EXTEND DEADLINES TO RESPOND TO CITY OF NORTH LAS VEGAS'S MOTION TO DISMISS OR, ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT**<br>**[ECF Nos. 21, 22]**<br><br>(Fourth Request) |

Plaintiff, Frazier S. Speaks, Jr. ("Speaks"), by and through his counsel, Melanie Hill Law, and Defendant City of North Las Vegas ("CNLV"), by and through its counsel, Kaempfer Crowell, hereby stipulate to extend the deadline for Mr. Speaks to respond to the City of North Las Vegas's Motion to Dismiss, or, Alternatively, Motion for Summary Judgment filed on August 14, 2024 [ECF Nos. 21, 22] from the current deadline of November 12, 2024 for two additional days until November 14, 2024. This stipulation is made at the request of Plaintiff's counsel for the good faith reasons and extraordinary circumstances set forth herein. This is the fourth request to extend the deadline to respond to these dispositive motions and requests a two-day extension.

In support of this Stipulation, Plaintiff states as follows:

1. The current deadline to respond to the City of North Las Vegas's Motion to Dismiss, or,

Alternatively, Motion for Summary Judgment filed on August 14, 2024 [ECF Nos. 21, 22] is November 12, 2024. The parties previously stipulated to combine the deadlines that occurred one week apart because the motions were combined into one pleading such that it made the most sense to respond to them together on the same deadline date of September 27, 2024.

2. The parties again stipulated to extend the deadline an additional 14 days, even though Plaintiff's counsel had asked Defendant's counsel for an additional 30-day extension. Prior to filing the second stipulation, counsel for Plaintiff had reached out to counsel for Defendant requesting an additional thirty-day extension of the response deadlines due to Plaintiff's counsel dealing with some new health issues, symptoms, and diagnostic testing as well as assisting in the preparation of a Ninth Circuit oral argument. Defendant only agreed to stipulate to a 14-day extension of the deadlines for Mr. Speaks to respond to both motions. Plaintiff's counsel notified the court in the second stipulation that counsel had originally requested additional time that was not stipulated to.

3. Thereafter, Plaintiff filed a third request to extend by motion requesting that additional time that Defendant did not stipulate to in the second stipulation. The good cause for the motion was to allow counsel for the Plaintiff additional time to respond while Plaintiff's counsel was working on two separate Ninth Circuit appeals and coordinating moving deadlines in other cases that were continued while Plaintiff's counsel was undergoing the diagnostic medical imaging and symptoms referenced in the second stipulation that necessitated moving deadlines and hearings in multiple cases, including an opening brief deadline in a Ninth Circuit appeal that was filed on November 7, 2024.

4. The motion to extend was opposed by Defendant [ECF No. 29] and Plaintiff filed a reply [ECF No. 30].

5. The court granted the motion to extend, but stated in the order that "[n]o further extensions will be granted absent extraordinary circumstances." [ECF No. 31.]

/ / /

Melanie Hill Law PLLC
1925 Village Center Circle
Suite 150
Las Vegas, Nevada 89134
(702) 362-8500

2 of 4

6. Counsel for Plaintiff reached out to counsel for Defendant requesting a short extension of the deadline because her daughter was out from school sick today, November 12, 2024, and her illness necessitated Plaintiff's counsel unexpectedly staying home from work with her sick daughter.

7. Additionally, late Friday afternoon, November 8, 2024, the Ninth Circuit imposed a November 12, 2024 by 5:00pm deadline for Plaintiff's counsel to make modifications to the citations, revise the excerpts of record numbering, and table of contents and table of authorities in the Ninth Circuit Opening Brief filed by Plaintiff's counsel in another of her cases on November 7, 2024 that she unexpectedly had to attend to today due to the weekend and Veteran's Day holiday on Monday, November 11, 2024.

8. This extension of the deadline to oppose Defendant's dispositive motions was agreed to by the Defendant, is brought in good faith, and is accompanied by a showing of good cause and extraordinary and unforeseen circumstances. This two-day extension request and is not sought for any improper purpose or other purpose of delay, but to allow counsel for the Plaintiff additional time to respond to these two dispositive motions in light of her daughter's illness that necessitated her staying home from work and the Ninth Circuit's last minute deadline over a holiday weekend for Plaintiff's counsel make modifications to the citations in the opening brief, revise the excerpts of record numbering, and table of contents and table of authorities in the Ninth Circuit Opening Brief filed by Plaintiff's counsel in another of her cases on November 7, 2024.

9. Courts in the District of Nevada have routinely held extensions of deadlines for illness and the "practicalities of life" establish good cause for the requested extension. In *Morales v. McDaniel*, District of Nevada Magistrate Judge Baldwin found good cause to grant an extension and held as follows:

> "The proper procedure, when additional time for any purpose is needed, is to present to the Court a timely request for an extension before the time fixed has expired (*i.e.*, a request presented before the time then fixed for the purpose in question has expired)." *Canup v. Miss. Valley Barge Line Co.*, 31 F.R.D. 282, 283 (D. Pa. 1962). The *Canup* Court explained that "the practicalities of life" (such as an attorney's "conflicting

Melanie Hill Law PLLC
1925 Village Center Circle
Suite 150
Las Vegas, Nevada 89134
(702) 362-8500

3 of 4

professional engagements" or personal commitments such as vacations, family activities, illnesses, or death) often necessitate an enlargement of time to comply with a court deadline. *Id.* Extensions of time "usually are granted upon a showing of good cause, if timely made." *Creedon v. Taubman*, 8 F.R.D. 268, 269 (D. Ohio 1947). The good cause standard considers a party's diligence in seeking the continuance or extension. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). 2019 U.S. Dist. LEXIS 173103 (D. Nev. Oct. 3, 2019).

WHEREFORE, the parties respectfully request by this stipulation setting forth good cause and extraordinary and unforeseen circumstances that the Court extend the deadline for Plaintiff Speaks to respond to the City's Motions, for two additional days up to and including November 14, 2024.

DATED this 12th day of November, 2024.

**MELANIE HILL LAW PLLC**

By: */s/ Melanie A. Hill*
MELANIE A. HILL
Nevada Bar No. 8796
1925 Village Center Circle, Ste. 150
Las Vegas, Nevada 89134
**Attorneys for Plaintiff Frazier S. Speaks, Jr.**

**KAEMPFER CROWELL**

By: */s/ Lyssa S. Anderson*
LYSSA S. ANDERSON
Nevada Bar No. 5781
KRISTOPHER KALKOWSKI
Nevada Bar No. 14892
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
**Attorneys for Defendant City of North Las Vegas**

IT IS SO ORDERED:

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

Dated: __November 14, 2024__

Melanie Hill Law PLLC
1925 Village Center Circle
Suite 150
Las Vegas, Nevada 89134
(702) 362-8500